**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Denise WOODS, Defendant—Appellant.**

No. 01–30010.

D.C. No. CR–95–05102–JET.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2001.

Decided May 14, 2001.

Before LAY,** TROTT, and BERZON, Circuit Judges.

MEMORANDUM *

Denise Woods appeals her sentence of sixty months imprisonment for violation of supervised release. We affirm. Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

■ 1. The district court did not abuse its discretion in sentencing Woods to a term well in excess of the one suggested in the policy statements of Chapter 7 of the Sentencing Guidelines. "[W]hen revoking supervised release, [a district court] has discretion to go outside the suggested sentencing range of the policy statements up

---

** The Honorable Donald W. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9 th Cir. R. 36–3.

to the statutory maximum...." *United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.2000).

2. The district court satisfied its obligation to "state 'in open court' the 'specific reason for the imposition of a sentence different from that described' in the policy statement." *Id.* (quoting *United States v. Montenegro–Rojo,* 908 F.2d 425, 428 (9th Cir.1990)). The district judge conducted a lengthy sentencing hearing, expressly considering the policy statements, and concluding that imprisonment was necessary to prevent Woods from engaging in further criminal conduct, a conclusion supported by substantial evidence.

3. The district court's adoption of the United States Probation Office's supplemental sentencing report does not run afoul of *United States v. Williams,* 41 F.3d 496 (9th Cir.1994). Unlike *Williams,* this case concerns consideration of the policy statements, a task in which the district court enjoys considerably more discretion than when applying the sentencing guidelines. In any event, we find on this record that the court's decision to impose the sixty month sentence was independent of the information in the supplemental sentencing report.

AFFIRMED